NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

S. E. NICHOLS–DOVER, INC.,
Respondent.

No. 16177.

United States Court of Appeals
Third Circuit.

Argued Feb. 17, 1967.

Decided March 16, 1967.

Edward E. Wall, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green, Atty., N. L. R. B., on the brief), for petitioner.

James L. Burke, Elmira, New York, for respondent.

Before SMITH and SEITZ, Circuit Judges, and JOSEPH S. LORD, III, District Judge.

### OPINION OF THE COURT

PER CURIAM.

 This matter is before the Court on the petition of the Board for the enforcement of a cease and desist order issued in an unfair labor practice proceeding, Section 10(e) of the National Labor Relations Act as amended, 29 U.S.C.A. § 160(e). The petition is resisted mainly on the ground that the evidence before the Board was insufficient to support its factual determination that the respondent was guilty of conduct which violated Sections 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3). We cannot agree. The findings of fact stated in the Intermediate Report of the Examiner, and adopted by the Board, were supported by ample evidence.

■ The respondent objects to that portion of the order which directs that an appropriate notice be posted in its place of business in Dover, Delaware, the situs of the unfair labor practices. We can find nothing oppressive in this remedial provision. It must be remembered that it is the function of the Board, and not that of the courts, to fashion the remedies to effectuate the policies of the Act. Section 10(c) of the Act, 29 U.S.C.A. § 160(c); National Labor Relations Board v. Seven-Up Bottling Co., 344 U.S. 344, 346, 73 S.Ct. 287, 97 L.Ed. 377 (1953); N. L. R. B. v. Buitoni Foods Corp., 298 F.2d 169, 175 (3rd Cir. 1961). The remedy prescribed by the Board "should stand unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 540, 63 S.Ct. 1214, 1218, 87 L.Ed. 1568 (1943). There is no such showing here.

A decree for enforcement of the Board's order may be submitted.